WILLIAM J. MCCULLOUGH AND ANGELA M. MCCULLOUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentMcCullough v. CommissionerDocket No. 15916-90United States Tax CourtT.C. Memo 1993-70; 1993 Tax Ct. Memo LEXIS 72; 65 T.C.M. (CCH) 1984; March 2, 1993, Filed *72 Decision will be entered for respondent. For petitioners: William J. McCullough. For respondent: Michael L. Bitner. KORNERKORNERMEMORANDUM OPINION KORNER, Judge: Respondent determined additions to tax against petitioners for the years and in the amounts as follows: Additions to Tax 1YearSec. 6653(b)Sec. 6653(b)(1)Sec. 6653(b)(2)Sec. 66541980$ 33,933-- --$ 4,03219816,287-- --5781982-- $ 3,89150 percent of the339interest on $ 7,7811983-- 1,14950 percent of the--interest on $ 2,2971984-- 1,96150 percent of the--interest on $ 3,921At the time the petition herein was filed, petitioners were residents of Bridgeport, Illinois. Petitioners refused to enter into any stipulation of facts in anticipation of trial as*73 required by Rule 91. The evidence here consists of certain facts in a stipulation of facts proposed by respondent, which were deemed to have been stipulated pursuant to order of the Court, pursuant to Rule 91(f), as well as certain other exhibits and testimony received at trial. Although instructed to file requested findings of fact and brief at the close of the trial herein (along with respondent), petitioners failed to do so. We will do the best we can with the record presented. During the years 1980 through 1984, petitioner William J. McCullough was employed as a school principal, and petitioner Angela M. McCullough was employed as a secretary. Prior to the year 1980, petitioners filed income tax returns at least for the years 1978 and 1979 in which they reported their various items of income and capital gain. For the years 1980 through 1984, however, petitioners filed no income tax returns. In those years, petitioners received gross income, of which both petitioners had full knowledge and use, in the following amounts: 1980$ 312,299.53198150,215.44198243,377.58198325,429.29198433,456.58This income was composed of salary and interest for each year, *74 and also was composed of dividends and capital gains from the sale of stock in the year 1980. During the years 1980 through 1984, petitioners earned at out-of-state financial institutions a substantial portion of the interest income which they failed to report on income tax returns for said years. The correct social security numbers of petitioners were: William J. McCullough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Angela M. McCullough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During the years 1980 through 1984, petitioners utilized "scrambled" or incorrect versions of their respective social security numbers, as well as social security numbers not assigned to them on interest bearing accounts at financial institutions, including American National Bank of Vincennes, Indiana; Dreyfuss Liquid Assets, Inc.; and the Laurenceville National Bank and Trust Co. During 1980, petitioners began construction of a new personal residence, a substantial portion of which was financed with cash payments, and with respect to which property petitioners caused the title to be placed in the names of their minor children subsequent to learning of the examination of their 1980 through 1982 income tax liabilities. In 1986, petitioner William J. McCullough*75 was indicted and pleaded guilty, inter alia, to the willful failure to file income tax returns under section 7203 for the years 1980 through 1982. During the examination of their 1980 through 1984 income tax liabilities by respondent, resulting in this case, petitioners took numerous steps to delay and impede the efforts of respondent's agents, including their refusal to make their books and records available to respondent's agents or otherwise cooperate with respondent's agents. Petitioner William J. McCullough admitted to respondent's agents that he was aware of respondent's ability to track the receipt of income by taxpayers through the use of social security numbers. The only issues to be decided in this case are whether petitioners are liable for the additions to tax for fraud under section 6653(b) and whether they are also liable for the additions to tax under section 6654. As to the fraud provisions of section 6653(b), respondent has the burden of proof by clear and convincing evidence. Rule 142(b). As to the additions to tax under section 6654, the burden of proof is on petitioners. Rule 142(a). The determined deficiencies themselves are not before us. As to the fraud*76 issue, we said: Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Fraud will never be presumed. Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. [; citations omitted.]We think the record in this case contains ample examples of fraud from "the taxpayer's entire course of conduct", as we said in . Badges and indicia of fraud which we discern in this case and which have been identified by this Court in other cases as evidence of fraud include the following: 1. A pattern of consistent underreporting*77 of income for a number of years, especially when accompanied by other circumstances showing an intent to conceal. , affd. without published opinion ; . As we have indicated in this case, petitioners failed to report substantial income from 1980 through 1984. 2. The use of incorrect social security numbers by petitioners may be construed as an act of fraud, particularly where petitioner William J. McCullough admitted that he knew that the Internal Revenue Service used social security numbers for the tracking of income. See . 3. The extensive and consistent use of cash may be seen as evidence of an intent to avoid the proper reporting of taxable income. See . 4. When petitioners realized that they were under examination with regard to their income taxes, their attempt to conceal their assets by placing their newly constructed*78 house in the names of their minor children can be interpreted as a fraudulent intention to evade taxes. See , affd. in part, revd. in part on other grounds, and remanded in part . 5. As occurred in this case, the attempts by petitioners to delay and hinder respondent's examination of their income tax affairs, and their refusal to make their books and records available, or otherwise cooperate with respondent's agents, can be taken as badges of fraud. See , affg. . Finally, we consider what impact there should be in this case from the conviction of petitioner William J. McCullough for the years 1980 through 1982 for willful failure to file income tax returns under the provisions of section 7203. Such a conviction will collaterally estop petitioner on the question of the willfulness of his failure to file a return. While it may not constitute*79 a collateral estoppel on the question of fraudulent intent to evade taxes within the meaning of section 6653(b), a conviction under section 7203, as here, may certainly be considered as evidence of fraudulent intent, to be considered with all the other evidence present in this case, and we so consider it here. We accordingly conclude that respondent has shown fraud on the part of petitioners with respect to each of the years here in issue, and the determination is sustained. With respect to the second issue in this case -- respondent's determination that petitioners were liable for additions to tax under section 6654 for failure to make estimated payments -- petitioners made no reference to this matter at trial and presented no evidence with respect thereto. Either they have abandoned the issue, or, even if they have not, we hold that petitioners have failed to meet their necessary burden of proof to show that respondent's determination is incorrect. Accordingly, Decision will be entered for respondent. Footnotes1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩